IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **MAXRELIEF USA, INC.** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| **V.** ) | |
| ) | CASE NO. 5:22-CV-00270 |
| **FULFYLD, LLC, ET AL.** ) | |
| ) | |
| **Defendant.** ) | |

### MOTION TO DISMISS PLAINTIFF'S AMENDED CLAIMS AGAINST DEFENDANT KHANITECH, LLC

COMES NOW Defendant Khanitech, LLC ("Khanitech"), by and through undersigned counsel, and respectfully requests that this Honorable Court dismiss the Plaintiff's claims asserted against it, as stated within Plaintiff's December 12, 2023, Amended Complaint (Doc. 64). In support thereof, Khanitech states as follows:

#### PROCEDURAL BACKGROUND

On December 12, 2023, Plaintiff filed its Amended Complaint against Fulfyld, LLC ("Fulfyld") and new Defendants Ajesh Khanijow ("Khanijow") and Khanitech. (Doc. 64). Within that Amended Complaint, Plaintiff asserts direct claims against Khanijow arising out of the business dealings previously alleged between Plaintiff and Fulfyld and, further, alleges that Khanitech is also liable to Plaintiff based merely on the fact that it owns the warehouses in which Fulfyld previously stored and managed Plaintiff's inventory. (Doc. 64, ¶¶ 4, 10).

Notwithstanding this remote connection to the underlying dispute, Plaintiff has asserted claims against Khanitech for Negligence (Count IV), Unjust Enrichment (Count V), Conversation, Misappropriation, Civil Theft (Count VI), and Conspiracy (Count VII). In support for those claims, Plaintiff asserts the following, non-specific allegations:

- Khanitech owed a duty to MaxRelief, breached that duty, and in turn caused Plaintiff damages. (Doc. 64, ¶¶ 67-69);
- Khanitech (along with the other defendants) has converted, misappropriated, and/or otherwise stolen Plaintiff's inventory. (Doc. 64, ¶ 75); and
- Khanitech conspired with the other defendants "to take the tortious actions described herein" against Plaintiff. (Doc. 64, ¶ 79).

## STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant Rule 12(b)(6), *Federal Rules of Civil Procedure*, a trial court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff."[1] However, the tenet that a court must accept as true all of the allegations contained in a complaint

---

[1] *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

- 3 -

is inapplicable to legal conclusions."[2]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[3]

Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.[4]  "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5]  Bare allegations are not enough.[6]  A plaintiff's obligation to provide the grounds for the entitlement of relief requires more than labels and conclusions, and the pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action on the assumption that all the allegations in the complaint are true.[7]

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

[3] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

[4] *Id.* at 663.

[5] *Id.* (citing *Twombly*, 550 U.S. at 556).

[6] *See generally Brooks v. McDonald*, 2016 U.S. Dist. LEXIS 23701, p. 12 (M.D. Ala. Feb. 11, 2016).

[7] *See Twombly,* 550 U.S. at 555.

**ARGUMENT**

 A. <u>Plaintiff's Claims Fail to Allege A Sufficient Factual Basis</u>.

While the governing standard of affirmative pleading is relatively lenient, it still requires specific factual allegations from which, if proven true, this Court may grant the relief requested. Plaintiff's factual averments against Khanitech fall short of that otherwise small hurdle, as the only factual basis of liability asserted is Khanitech's status as Fulfyld's landlord. Notably absent from the allegations are any actionable connections between Khanitech and Plaintiff, Khanitech and the "missing" inventory alleged, or Khanitech and any other allegedly tortious conduct. Without those types of allegations, the claims remain unsupported.

Likewise, Plaintiff's reliance on basic labels and legal conclusions in support of its specific count allegations fails to meet this standard.[8] Specifically, Plaintiff's negligence claim is based solely on generic allegations that Khanitech owed Plaintiff a nonspecific and unexplained duty, which it allegedly breached. Similarly, Plaintiff's Unjust Enrichment claim is based on the unsupported allegation that Khanitech was entrusted with Plaintiff's goods and somehow received a benefit from Fulfyld's alleged disposal thereof. Finally, Plaintiff's conversion claim is based on the unexplained allegation that Khanitech somehow converted Plaintiff's property,

---

[8] *See id.*

which was otherwise entrusted to Fulfyld.  Other than these bare-bone labels and legal conclusions, Plaintiff's Amended Complaint is silent.

    B.    <u>PLAINTIFF'S CONSPIRACY CLAIM SUFFERS THE SAME FATE</u>.

"Conspiracy is not an independent cause of action; therefore, when alleging conspiracy, a plaintiff must have a viable underlying cause of action."[9]  "[L]iability for civil conspiracy rests upon the existence of an underlying wrong and if the underlying wrong provides no cause of action, then neither does the conspiracy."[10]  In this case, Plaintiff has failed to state sufficient facts to support its underlying claims against Khanitech; therefore, its conspiracy claim also fails.

## CONCLUSION

Based on the foregoing, Plaintiff has failed to state claims against Khanitech upon which this Court may grant relief.  Accordingly, Defendant Khanitech, LLC, respectfully requests that this Honorable Court dismiss the Plaintiff's claims asserted against it, as alleged within in Counts IV, V, VI and VII of Plaintiff's Amended Complaint.

---

[9] *Freeman v. Holyfield*, 179 So. 3d 101, 106, quoting *Drill Parts & Serv. Co. v. Joy Mfg. Co.*, 619 So. 2d 1280, 1290 (Ala. 1993); *see also O'Dell v. State ex rel. Patterson,* 270 Ala. 236, 240, 117 So. 2d 164, 168 (1959) ("Where civil liability for a conspiracy is sought to be enforced, the conspiracy itself furnishes no cause of action. The gist of the action is not the conspiracy alleged but the wrong committed.").

[10] *Freeman v. Holyfield*, 179 So. 3d at 106, quoting *Jones v. BP Oil Co.*, 632 So. 2d 435, 439 (Ala. 1993).

Respectfully submitted this 11th day of January 2024.

        /s/ *Charles A, Ray, IV*
        CHARLES A. RAY, IV (ASB-9371-A51C)
        *Attorney for Defendant*

OF COUNSEL:
CHARLES RAY, PC
200 WESTSIDE SQUARE, STE. 50
HUNTSVILLE, AL 35801
(256) 346-1900
cray@charlesraypc.com

## CERTIFICATE OF SERVICE

    I do hereby certify that on January 11, 2024, a copy of the foregoing document was served on the following via Electronic Case Filing a copy of same.

Denzel E. Okinedo
Elena L. Bauer
Benjamin B. Coulter
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205)251-3000
Facsimile: (205)458-5100
dokinedo@burr.com
bcoulter@burr.com
ebauer@burr.com

        /s/ *Charles A. Ray, IV*
        OF COUNSEL