IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MAXRELIEF USA, INC.,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | )   CIVIL ACTION NO.<br>)   **5:22-CV-00270-LCB** |
| **FULFYLD, LLC, KHANITECH, LLC, and AJESH KHANIJIW** | )<br>) |
| Defendant. | ) |

## PLAINTIFF MAXRELIEF, USA, INC.'S RESPONSE TO KHANITECH, LLC'S MOTION TO DISMISS

Plaintiff MaxRelief USA, Inc. ("MaxRelief" or "Plaintiff"), by and through undersigned counsel, files this Response to Defendant Khanitech, LLC's ("Khanitech") Motion to Dismiss (Doc. 66), and in support states as follows:

### I. BACKGROUND

MaxRelief is a manufacturer and distributor of health-oriented products. Doc. 64 p. 1 ¶ 1. Defendant Fulfyld, LLC ("Fulfyld") is a warehousing company from whom MaxRelief receives warehousing services. *Id.* ¶ 9. KhaniTech, LLC is the company that owns the warehouses where Fulfyld provides its services to MaxRelief. *Id.* ¶ 10. Ajeh Khanijow is the sole owner of and has total control over both Fulyld and KhaniTech. *Id.* ¶ 11. Beginning in October of 2021, MaxRelief

53105184 v1

discovered that some of its inventory that was supposed to be in Khanitech's warehouses had gone missing. Doc. 64 p. 6 ¶ 25. This issue created a dispute between the Parties that lasted for several months. *See generally id.*

On February 25, 2022, Mr. Khanijow told MaxRelief that MaxRelief owed over $18,000 to Fulfyld. *Id.* ¶ 29. Mr. Kahnijow reported that until MaxRelief paid-off that balance, it could not remove their goods from the warehouses and, if such payments were not made within 30 days, that MaxRelief's goods would be confiscated. *Id.* ¶ 31–32. The total value of these goods was approximately $1 million. *Id.* ¶ 33. Eventually, MaxRelief was able to recover some of its inventory from the warehouses. Doc. 64 p. 9 ¶ 39. However, approximately $100,000 worth of products were missing. *Id.* ¶ 41.

MaxRelief filed the original complaint on March 1, 2022 (*see* Doc. 1) and timely filed the Amended Complaint on December 12, 2023. *See id.*; Doc. 15. The claims in the Complaint stem from MaxRelief's allegation that the aforementioned approximately $100,000 worth of products did not simply vanish into thin-air, but was instead misplaced, lost, or sold by Khanitech, Fulfyld, or Mr. Khanijow. *See id.* ¶ 44.

Khanitech *untimely* filed its Motion to Dismiss on January 11, 2024, seeking the dismissal of MaxRelief's Counts IV (Negligence), V (Unjust Enrichment), VI

(Conversion), and VII (Civil Conspiracy) on the alleged basis that such "claims fail to allege a sufficient factual basis." Doc. 66 p. 4.

## II.    STANDARD OF REVIEW

A pleading does not have to include "detailed factual allegations" to survive. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, to survive a motion to dismiss, a plaintiff must simply "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When reviewing a motion to dismiss, district courts "accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Hunt v. Aimco Properties*, 814 F.3d 1213, 1221 (11th Cir. 2016).

## III.   ARGUMENT

### A.   MaxRelief Has Alleged Sufficient Facts to Support a Facially Plausible Claim for Negligence (Count IV) under Alabama Law.

To state a negligence claim under Alabama law, a plaintiff must allege facts that plausibly show the defendant breached a duty owed to the plaintiff and that such breach proximately caused them damages. *McMahon v. Yamaha Motor Corp.*,

U.S.A., 95 So. 3d 769, 771 (Ala. 2012). Of these four elements—duty, breach, causation, and damages—Khanitech only challenges the first two. Doc. 66 p. 4.

A duty of care can arise from various sources. *Bobo v. Tennessee Valley Authority*, 138 F. Supp. 3d 1285, 1307 (N.D. Ala. 2015)(applying Alabama law); *affirmed in part and reversed in part, Bobo v. Tennessee Valley Authority*, 855 F.3d 1294, 41 I.E.R. Cas. (BNA) 1781 (11th Cir. 2017). Two such sources are relevant here.

The first source is general Tort Law principles. Those principles instruct that "[i]n determining whether a duty exists . . . , courts should consider a number of factors, including public policy, social considerations, and foreseeability." *Smitherman v. McCafferty*, 622 So.2d 322, 324 (Ala. 1993). Under Alabama law, however, "[t]he key factor is whether the injury was foreseeable by the defendant." *Taylor v. Smith*, 892 So.2d 887, 892 (Ala. 2004) (quotation marks omitted).

Second, a duty can be rooted in statute. *See Lowe v. General Motors Corp.,* 624 F.2d 1373 (5th Cir. 1980) (applying Alabama law) ("When a statute creates a minimum standard of care, an unexcused violation—i.e., an act done with less than the minimum care—must be negligence."). Relevant to the present case, an Alabama statute requires warehouses "to exercise care with regard to the goods that a reasonably careful person would exercise under similar circumstances." *Davis Constr. Supply, LLC v. Merchants Transfer Co.*, No. CV 21-0550-WS-M, 2023 WL

3933074, at *2 (S.D. Ala. June 9, 2023) (quoting Ala. Code § 7-7-204(a)). The statute defines a "warehouse" as "a person engaged in the business of storing goods for hire." *Id.* § 7-7-102(a)(13).

The second element of negligence is breach. Satisfying this element requires showing the defendant either did something that a reasonable person would not do in a similar situation, or that the defendant failed to do something that a reasonable person would have done in a similar situation. *See* APJI 28.01. A warehouse owner breaches their duty of care by failing to exercise reasonable care in protecting the goods entrusted to them. *See* Ala. Code § 7-7-204(a). The Alabama Supreme Court has thus held a complaint that alleges a warehouse lost or otherwise disposed of a plaintiff's goods is sufficient to satisfy the "breach" element of a negligence claim at the motion to dismiss stage. *See Crigler v. Salac*, 438 So. 2d 1375, 1382 (Ala. 1983) ("'Where a bailee of goods for hire, upon demand made, fails to redeliver the goods or does not account for a failure to make delivery . . . , prima facie negligence will be imputed to him, and the burden of proving a loss without want of ordinary care is devolved upon him.'") (quoting *Anniston Lincoln-Mercury v. Mayse*, 341 So.2d 949, 950 (Ala. Civ. App. 1977)); *see also Garrett v. Nelson & Affiliates, Inc.*, 794 F. Supp. 2d 1253, 1262 (M.D. Ala. 2011) (holding that, under Alabama law, existence of a bailment was a question of fact). Whereas the existence of a duty is

determined by the judge, "[q]uestions regarding the breach of the duty of care are generally for the jury." *Dale v. Kelly*, 620 So. 2d 632, 634 (Ala. 1993).

Whether this Court applies general Tort Law principles or the above-described statute, it is clear that Khanitech owed MaxRelief a duty of care. The risk that inventory stored in a warehouse will be misplaced, lost, or intentionally or accidentally sold is unquestionably foreseeable. Furthermore, the people who store inventory inside warehouses are the only people exposed to that risk. Therefore, Khanitech owed MaxRelief a duty of care according to general Tort Law principles. Moreover, MaxRelief's allegations indicate that Khanitech is a "warehouse" under Alabama law, *see* Doc. 64 ¶ 3, and that Khanitech, therefore, owed MaxRelief a statutory duty "to exercise care with regard to the goods" entrusted to its possession. *See* Ala. Code § 7-7-204(a). Either way, MaxRelief has alleged sufficient facts to satisfy the duty element of its negligence claim.

Likewise, MaxRelief has alleged sufficient facts to show Khanitech breached that duty. MaxRelief specifically alleges that Khanitech is one of possibly multiple Defendants who misplaced, lost, or sold MaxRelief's goods without authorization. *See* Doc. 64 p. 10, ¶ 44. This course of conduct was not reasonable under the circumstances portrayed by the Complaint.

Moreover, MaxRelief alleges it "was damaged as a result of Defendants' actions, including but not limited to Defendants' misplacement, loss, or

unauthorized sale of MaxRelief's goods." *Id.* These allegations are sufficient to allege the "causation" and "damages" elements.

Accordingly, Khanitech's Motion to Dismiss is due to be denied as it relates to MaxRelief's claim for negligence.

**B.     MaxRelief Has Alleged Sufficient Facts to Support a Facially Plausible Claim for Unjust Enrichment (Count V) under Alabama Law.**

To state a claim for unjust enrichment under Alabama law, a plaintiff must allege facts to plausibly show that: "(1) the defendant knowingly accepted and retained a benefit, (2) provided by another, (3) who has a reasonable expectation of compensation," and (4) their retention of that benefit is "unjust." *See Matador Holdings, Inc. v. HoPo Realty Invs., L.L.C.*, 77 So. 3d 139, 145 (Ala. 2011)(quotation and citation omitted). "'Retention of a benefit is unjust if (1) the donor of the benefit . . . acted under a mistake of fact or in misreliance on a right or duty, or (2) the recipient of the benefit . . . engaged in some unconscionable conduct, such as fraud, coercion, or abuse of a confidential relationship.'" *Id.* (cleaned up).

MaxRelief has sufficiently alleged a facially plausible unjust enrichment claim against Khanitech. MaxRelief alleges that Khanitech "knowingly retained a benefit" by keeping, misplacing, losing, or selling without authorization approximately $100,000 worth of its products. *See* Doc. 64 ¶¶ 41, 44. MaxRelief "provided" Khanitech those products with a "reasonable expectation of

compensation" when it entrusted them to Khanitech's protection and control. *See Matador Holdings*, 77 So. 3d at 145. And Khanitech has not—and, with any sincerity, cannot—argue that it was not unjustly enriched if it did in fact sell $100,000 worth of the products MaxRelief entrusted to it and kept the proceeds.

Khanitech's Motion to Dismiss challenges MaxRelief's unjust enrichment claim only on the second component of the first element (benefit retention), writing "Plaintiff's Unjust Enrichment claim is based on the unsupported allegation that Khanitech was entrusted with Plaintiff's goods and somehow received a benefit from Fulfyld's alleged disposal thereof." *See* Doc. 66, p. 4. This argument misconstrues the applicable pleading standard. MaxRelief is not required to "support" its allegations at this stage. The allegations must only be facially plausible, *see Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), and the allegations supporting MaxRelief's unjust enrichment claim have met that bar.

Moreover, Khanitech's argument misrepresents MaxRelief's allegations. MaxRelief does not allege that Fulfyld acted alone when it disposed of MaxRelief's products. Instead, MaxRelief specifically alleges that *all* Defendants—including Khanitech—misplaced, lost, or sold MaxRelief's goods without authorization. *See* Doc. 64 ¶ 44.

Accordingly, MaxRelief has sufficiently alleged a facially plausible unjust enrichment claim against Khanitech. Khantitech's Motion to Dismiss is thus due to be denied as it relates to MaxRelief's claim for unjust enrichment.

### C. MaxRelief has Alleged Sufficient Facts to Support a Facially Plausible Claim for Conversion (Count VI) under Alabama Law.

To state a claim of conversion under Alabama law, a plaintiff must allege facts plausibly showing: "(1) a wrongful taking; (2) an illegal assertion of ownership; (3) an illegal use or misuse of another's property; or (4) a wrongful detention or interference with another's property." *Drennen Land & Timber Co. v. Privett*, 643 So. 2d 1347, 1349 (Ala. 1994)(citations omitted). Khanitech generally challenges MaxRelief's conversion claim, faulting MaxRelief for its "unexplained allegation that Khanitech somehow converted Plaintiff's property." *See* Doc. 66 p. 4–5.

It is difficult to understand this argument. MaxRelief alleges that Khanitech misplaced, lost, sold without authorization, or otherwise refused to return MaxRelief's property to it even after MaxRelief demanded its return. *See* Doc. 64 ¶¶ 25–44. That course of conduct is a prototypical example of conversion. *See*, *e.g.*, RESTATEMENT (SECOND) OF TORTS § 222A (1965)(citing *I.C.C. Metals, Inc. v. Municipal Warehouse Co.*, , 409 N.E.2d 849 (N.Y. Ct. App. 1980)(upholding a conversion claim against a warehouse by a customer who had paid the warehouse to store indrium, a precious metal, reasoning "the plaintiff's proof of delivery of the

indrium to the warehouse and its failure to return the property upon proper demand sufficed to establish a prima facie case for conversion."). Undoubtedly, MaxRelief's allegation that Khantitech sold MaxRelief's property without authorization and has retained the proceeds from those sales—a practice with which MaxRelief alleges to have had direct experience with in the past[1]—constitutes conversion.

For these reasons, Khantitech's Motion to Dismiss Count VI is due to be denied as it relates to MaxRelief's claim for conversion.

### D. MaxRelief has Alleged Sufficient Facts to Support a Facially Plausible Claim for Civil Conspiracy (Count VII) under Alabama Law.

MaxRelief alleges the "Defendants conspired to take the tortious actions described herein together against MaxRelief." Doc. 64 p. 14, ¶ 78.

The only argument against this claim Khanitech makes in its Motion to Dismiss is that "[MaxRelief] has failed to state sufficient facts to support [any of] its underlying claims against Khanitech; therefore, its conspiracy claim also fails." Doc. 66 p. 5. In the same vein, MaxRelief responds that if it has not failed to state sufficient facts to support any of its underlying claims against Khanitech, then its conspiracy claim is also sufficiently supported. Accordingly, because MaxRelief

---

[1] MaxRelief alleges that "Defendants had previously solicited MaxRelief to sell another client's stock for less than 50 percent of its value" at a time when Defendants believed that client owed them money. *Id.* ¶ 34.

stated sufficient facts to support all of its underlying claims against Khanitech for the reasons given above, Khanitech's Motion to Dismiss is due to be denied as it relates to conspiracy. Count VII is due to be denied.

### E. Khanitech's Motion to Dismiss is Untimely.

MaxRelief filed its original pleading on March 1, 2022. *See* Doc. 1. MaxRelief served the Amended Complaint on December 12, 2023. *See* Doc. 66. Khanitech's response was due prior to January 11, 2024, when Khanitech filed its Motion to Dismiss. *See* Fed. R. Civ. P. 12(a) and 15(a)(3). The Court did not extend Khanitech's deadline before it expired, Khanitech did not file a motion to extend its deadline after it expired. Thus, this Motion is due to be denied for untimeliness. *See Skrtich*, 280 F.3d at 1307 (affirming district court's dismissal of Rule 12(b)(6) motion to dismiss because it was untimely).

### IV. CONCLUSION

For the reasons given above, MaxRelief has sufficiently pleaded claims for negligence, unjust enrichment, conversion, and conspiracy. Accordingly, Khantitech's Motion to Dismiss is due to be denied in its entirety.

Dated: February 1, 2024                Respectfully submitted,

*/s/ Elena L. Bauer*
Benjamin B. Coulter
Denzel E. Okinedo
Elena L. Bauer

**BURR & FORMAN LLP**
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
bcoulter@burr.com
dokinedo@burr.com
ebauer@burr.com

*Attorneys for Plaintiff,*
*MaxRelief USA, Inc.*

## CERTIFICATE OF SERVICE

  I hereby certify that I have served a copy of the foregoing document on all parties by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax, or email on February 1, 2024:

Charles A. Ray, IV, Esq.
200 Westside Square, Ste. 50
P.O. Box 13545
Huntsville, Alabama 35801
cray@charlesraypc.com

*Attorney for Defendant Fulfyld, LLC*

G. Bartley Loftin, III
Amanda James Turnage
Loftin Holt LLP
200 Clinton Ave. W, Ste 405
Huntsville, AL 35801
bartley@loftinholt.com
amanda@loftinholt.com

*Attorneys for Defendants Fulfyld, LLC, Khanitech, LLC, and Ajesh Khanijow*

          */s/ Elena L. Bauer*
          OF COUNSEL